UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-21356-ALTMAN

ANGEL JOSE MARCANO PENA,

　　　*Petitioner*,

*v.*

ACTING DIRECTOR, ICE, *et al.*,

　　　*Respondents.*

_____/

## ORDER DENYING HABEAS PETITION

Our Petitioner, Angel Jose Marcano Pena, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his deportation to Venezuela. *See* Petition for Habeas Corpus ("Petition") [ECF No. 1]. After careful review, we **DENY** the Petition for lack of jurisdiction.

Because a federal district court is powerless to act beyond its subject-matter jurisdiction, a district court must "zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985); *see also Bochese v. Town of Ponce Inlet,* 405 F.3d 964, 975 (11th Cir. 2005) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" (cleaned up)).

To establish that a federal court has habeas jurisdiction, a petitioner must show that he's "in custody." *Patel v. U.S. Atty. Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003); *see also Gupta v. U.S. Atty. Gen.*, 485 F. App'x 386, 387 (11th Cir. 2012) ("One of [the] jurisdictional prerequisites [of § 2241 habeas claims] is that the petitioner must be in custody."). Custody, for purposes of § 2241 habeas claims, is

determined "as of the time of the filing of the petition." *Patel*, 334 F.3d at 1263. "There must be a significant restraint on the petitioner's liberty to satisfy this 'custody' requirement." *Ibid.* (cleaned up).

Here, the Petitioner doesn't allege that he's in any form of custody—merely that he's been deported to his home country of Venezuela. *See generally* Petition. And the Eleventh Circuit has held that an alien who's been deported to his home country *isn't* in custody for § 2241 purposes:

> In *Miranda v. Reno*, 238 F.3d 1156 (9th Cir. 2001), the Ninth Circuit held that a removed alien who had applied for habeas relief after having been removed was not in custody for purposes of determining habeas jurisdiction. The *Miranda* court reasoned that the fact that Miranda could not return to this country because of his status as an alien convicted of an aggravated felony did not significantly confine and restrain his freedom. He was subject to no greater restraint than any other non-citizen living outside American borders. We find this analysis persuasive.
>
> Here, Patel filed this action after having been deported to India. While his removal from the United States may limit his opportunities to re-enter this country, this does not constitute a severe restraint on his individual liberty. Patel is now residing in his native India, and the United States is in no position to restrain his liberty.

*Patel*, 334 F.3d at 1263 (cleaned up). This proposition is extremely well-established. *See, e.g.*, *Terrado v. Moyer*, 820 F.2d 920, 922 (7th Cir. 1987) (holding that a petitioner filing from abroad after deportation did not satisfy the custody requirement for habeas jurisdiction); *Kumarasamy v. U.S. Att'y*, 453 F.3d 169, 173 (3d Cir. 2006) ("We hold that petitioners who have already been removed from the country do not satisfy the 'in custody' requirement for habeas corpus jurisdiction."); *Sadhvani v. Chertoff*, 460 F. Supp. 2d 114, 119 (D.D.C. 2006), *aff'd*, 279 F. App'x 9 (D.C. Cir. 2008) ("The controlling limit in this case is the consistent holding of federal courts that an alien who has already been removed from the United States and who files a habeas petition after his removal cannot satisfy the custody requirement."); *Ortiz v. Mayorkas*, 2022 WL 595147, at *3 (4th Cir. Feb. 28, 2022) ("As several sister circuits have held, a petitioner who has already been removed from the U.S. is no longer 'in custody' for purposes of habeas corpus jurisdiction. . . . [T]here is no factual dispute that Ortiz filed his habeas corpus petition claim on May 11, 2020, which was more than a month after he had been deported to

Honduras on April 1, 2020. Thus, Ortiz was not 'in custody' at the time he filed his habeas corpus petition.").

Our Petition was filed on February 28, 2026, several days *after* the Petitioner was removed from the United States. *See* Petition ¶ 47 ("On or about February 24, 2026, Petitioner was deported from the United States unlawfully without due process to his home country of Venezuela[.]"). We thus **DENY** the Petition for lack of jurisdiction.

CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**.

2. All pending deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida on March 4, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

        Noticing INS Attorney
        Email: usafls-immigration@usdoj.gov

3